Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5388 | **DATE** | 12/11/2000 |
| **CASE TITLE** | Energy Absorption vs. Odin Systems Internt'l, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: For the reasons set forth, we find that the interests of justice support transferring this case to the Southern District of Georgia. The Clerk of the Clerk is directed to transfer the above cause of action to the U.S. District Court for the Southern District of Georgia. Defendant's motion to transfer venue (10-1) is granted. The status hearing set for 12/15/00 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 1 2 2000 | |
| | Notified counsel by telephone. | | date docketed | 36 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 12/11/2000 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
DEC 1 2 2000

| | |
|---|---|
| ENERGY ABSORPTION SYSTEMS, INC., | ) |
| Plaintiff, | ) No. 00c 5388 |
| v. | ) |
| ODIN SYSTEMS INTERNATIONAL, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

The underlying issues in this case center around a contract dispute which was recently adjudicated in favor of plaintiff Energy Absorption Systems, Inc. ("Energy") in a binding arbitration governed by the Federal Arbitration Act, 9 U.S.C. § 1 et.seq, ("FAA"). On the same day the award was entered, Energy filed a petition in this Court to confirm it. The next day, defendant Odin Systems International, Inc. ("Odin") filed a motion in the Southern District of Georgia, asking that court to vacate the arbitration award; Odin subsequently filed a counter-petition to Energy's action in this Court, asking that we vacate the award as well. However, we cannot even consider the merits of the confirmation action until we resolve several procedural issues. Specifically, we must decide whether to stay and/or transfer this case to the Southern District of Georgia to be decided along with Odin's Georgia action to vacate the award. For the reasons stated below, we find that the interests of justice support transferring this case to the Southern District of Georgia.

36

**Background**

Some background is necessary to understand the relevant issues. In 1997, the parties entered into a licensing agreement ("Agreement") under which Energy gained the exclusive right to manufacture, use and sell Odin's anti-icing technology. The Agreement contains two sections dealing with dispute resolution. First, Article XIII provides for binding arbitration between the parties "[i]n the event of any dispute, difference or question arising between the parties in connection with this Agreement, the construction thereof, or the rights, duties or liabilities of either party..." After the arbitrator renders his or her award, Article XIII states that "[a] court having jurisdiction over the parties, may enter judgment on the award and may issue exception thereof." Furthermore, Article XIV contains the following forum selection clause:

> (b) This Agreement shall be deemed to be a contract made under the laws of Georgia, and for all purposes shall be construed exclusively in accordance with such laws. The parties hereby agree that the District Court of the Southern District of Georgia shall be a competent court to adjudicate any disputes arising out of the Agreement which are not settled in accordance with the procedures set for the in Article XIII, and the parties agree to submit themselves to the jurisdiction of the said District Court.

Some time in 1999 the parties began to disagree about their performance under the Agreement and subsequently attempted to mediate the dispute. When mediation failed, pursuant to the terms of the Agreement, Energy commenced an action for binding arbitration under the FAA. Prior to the arbitration, the arbitrator denied a request by Odin to add several counterclaims it had recently discovered to the scope

2

of the arbitration and also denied its request for a continuance.[1] Further, Odin alleges that the arbitrator refused to exclude certain of Energy's claims from the arbitration that Odin contends are outside the scope of the Agreement.[2] The arbitration took place in late May, 2000 in Chicago.

On June 21, 2000, prior to the arbitrator's decision, Odin filed a lawsuit in the Southern District of Georgia ("Georgia I") asking the judge to enjoin the arbitrator from rendering a decision, on the ground that he had exceeded the scope of his authority by deciding issues not covered by the arbitration clause in the Agreement. Odin's complaint also raised the newly discovered claims against Energy that Odin was not allowed to present at the arbitration. On Odin's motion for an injunction against the arbitrator, the judge ruled that he could not prospectively enjoin an arbitrator's expected award, and stated that Odin's remedy would be to appeal the decision to the Court.

On August 31, 2000, the arbitrator ruled in favor of Energy and found Odin liable for over two million dollars in damages. The same day, Energy filed its motion to confirm the arbitration award in this Court, pursuant to § 9 of the FAA. The next day, September 1, 2000, Odin filed a motion to vacate the award in the Southern District of Georgia ("Georgia II") pursuant to § 10 of the FAA. Soon thereafter, Odin

---

[1] These claims include, *inter alia*, allegations of misappropriation of trade secrets, tortious interference with contract, and libel.

[2] These claims include, *inter alia*, allegations of tortious interference with contract, conversion, and fraud.

3

filed the present motion to transfer this case to the Southern District of Georgia pursuant to Fed.R.Civ.P. 12(b)(2) and 28 U.S.C. § 1404(a), or in the alternative, to stay this action until the Georgia Court decides what to do. Odin has also filed a motion in the district court for the Southern District of Georgia, asking it to consolidate Georgia I and II.

Odin makes several arguments in favor of transferring Energy's petition to confirm the arbitration award to the Southern District of Georgia and combining it with Odin's pending motion to vacate there. First, it argues that the Agreement's forum selection clause requires all disputes concerning the Agreement to be decided in Georgia. Further, it contends that issues of both judicial economy and the inconvenience of its litigating in Illinois counsel in favor of transfer. Odin also counters Energy's contention that its suit in this Court was the "first filed" – and thus that Georgia II should be transferred to this Court – by arguing both that Energy filed its suit in bad faith, and also that actually, Georgia I was the "first filed" suit. Finally, Odin contends that Energy's August 31, 2000 petition of this Court for confirmation of the arbitration award was not in the correct form, and thus, Energy did not actually file its petition in this Court until several weeks later, when it submitted its formal motion for confirmation and supporting memorandum. We will discuss each issue in turn.

## Discussion

Odin has moved to transfer this case to the venue of the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a).[3] That statute allows us to transfer a case to any other district where the case might have been brought "[f]or the convenience of the parties and witnesses (or) in the interests of justice." The parties do not dispute that this case could also have been brought in the Southern District of Georgia, so we must decide whether either the convenience of the parties or the interests of justice dictate that we transfer the case there. The decision whether to grant or deny a § 1404(a) motion to transfer is within the sound discretion of the trial court. *See Duman v. Crown Zellerbach Corp.*, 107 F.R.D. 761, 765 (N.D.Ill. 1985).

The first questions we must address are: 1) whether Energy's petition to confirm the arbitration award, filed in this Court, is the "first filed" action, and 2) if so, whether that status prevents us from making a transfer. Generally, in situations where two cases involving the same parties and issues are pending in different districts, duplicative litigation and inconsistent rulings may be avoided by having the court in which the second-filed case is pending transfer it to the district in which the first-filed case is pending. *See Countryman v. Stein Roe & Farnham*, 681 F.Supp. 479, 484 (N.D.Ill. 1987). However, the first to file rule is not dispositive in the Seventh Circuit, but instead must "be applied in accord with the dictates of sound judicial administration." *Id.; see also Trippe Manufacturing Co. v. American Power Conversion*

---

[3] Odin's arguments in favor of staying this case are substantially similar to its arguments in favor of transferring it. Thus, unless we indicate otherwise, our analysis will cover both motions.

5

*Corp.*, 46 F.3d 624 (7th Cir. 1995). Some considerations that would dictate favoring the second-filed case are: 1) a balance of conveniences in favor of the second action; or 2) special circumstances that justify giving priority to the second action. *See Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 34 F.Supp.2d 1092, 1094 (N.D.Ill. 1999); *First City Nat. Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2nd Cir. 1989).[4]

Despite Odin's arguments to the contrary, we do agree that Energy's petition was the "first filed" case between it and Georgia II. We have found no case law to indicate that Energy did not adhere to the requirements of § 9 of the FAA when it filed its petition for confirmation and Odin has cited none. In so holding, we note that Georgia I involves the same parties and similar issues, but does not concern whether to confirm or vacate the arbitrator's decision (indeed, the arbitrator had not yet made a decision at the time Georgia I was filed), thus Georgia I cannot be the first-filed case in this action.[5]

---

[4] We disagree with Energy's characterization that *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 120 S.Ct. 1331 (2000) requires us to decide the case in this venue. *Cortez* dealt primarily with whether a party was required to bring an action to confirm an arbitration award in the same jurisdiction as the award was made. After deciding in the negative, the Court noted that *if* the district in which the award was made — which had the second-filed case — had reasoned as the Supreme Court eventually did, it *"should have considered staying its hand" Id.* at 1335-1336 (emphasis added), and let the first-filed confirmation action be decided instead. This statement, given in dicta, merely confirms the principle that first-filed cases should be accorded some deference, but that various considerations might counsel in favor of the second-filed case instead.

[5] If Georgia I were truly the first-filed case in this particular series of actions, it would not have been necessary for Odin to file a separate lawsuit (with a separate case number) in order to move to vacate the arbitrator's award.

However, this does not end our inquiry, nor does it mean that we will completely discount the significance of Georgia I as a factor bearing on whether to transfer this case. Odin argues that there are special circumstances that require us to ignore Energy's first-filed status. First, Odin contends that Energy's petition was only filed in anticipation of Odin's motion to vacate, and that Energy has engaged in forum shopping by filing its anticipatory motion in Illinois. *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993); *Ven-Fuel, Inc. v. Dept. of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (both cases disfavoring declaratory judgment actions filed in anticipation of litigation in another district). While we agree that Energy's rush to file its confirmation action is somewhat questionable, we do not find enough evidence of forum shopping to discount the first-filed rule solely on this issue.[6]

Odin next cites the "special circumstance" of the parties' forum selection clause as a reason both to discount the first-filed rule and to transfer the case for the convenience of the parties. Generally, "the presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus [in a § 1404(a) motion]." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The

---

[6] We believe Energy more than likely knew Odin would file a motion to vacate the award in Georgia; Odin had already filed one action there and Judge Alaimo's decision in the injunction action told Odin that such a motion would be its remedy if it disagreed with the arbitrator's award. Had Energy not believed Odin would file a motion to vacate, it would have had no reason to file its petition to confirm the same day as the arbitrator rendered his decision. However, since Energy did have statutory authority to file a confirmation petition, this situation is distinguishable from those cases in which a party files a declaratory judgment action solely to preempt an expected lawsuit.

7

court assumes that if the parties have agreed to adjudicate their disputes in a particular forum, that agreement should be respected and upheld.

Energy argues that the Agreement's forum selection clause (Article XIV) does not apply to disputes resolved by arbitration and that the arbitration clause (Article XIII) does not specify a particular venue for confirming the award, as long as the court has jurisdiction over the parties. We agree that, on its own, the Agreement's arbitration clause allows Energy to bring its confirmation action in this Court, since we have diversity jurisdiction over this matter. However, we cannot read the arbitration section in a vacuum, and we believe that the forum selection clause does in fact apply to this case. The Agreement's forum selection clause specifically covers "any disputes arising out of the Agreement which are not settled in accordance with the procedure set forth in Article XIII." Thus, in cases where arbitration does not resolve all disagreements arising from the Agreement, *i.e.* in cases where one party disputes the arbitrator's award, the parties "agree to submit themselves to the jurisdiction of [the Southern District of Georgia]."

In finding that the forum selection clause applies to this dispute, we do not hold that the clause mandates that venue lies only in the Southern District of Georgia. The clause at issue does not appear to grant exclusive venue privileges to that district, but only holds that the parties consent to jurisdiction there and agree to submit their disputes there. However, the clause reads as more than merely a recitation of one possible jurisdiction for a dispute and instead favors the Southern District of Georgia as the location for resolving disputes that are not settled by arbitration. Thus, the

forum selection clause is a factor that favors transferring the case pursuant to § 1404(a) and is a consideration for discounting the first-filed rule.[7]

Another consideration that tilts our analysis in favor of transfer is the pendency of Georgia I. That case concerns many of the same issues and counts that Odin raises in Georgia II as well as in its counter-petition to vacate it filed in this Court in response to Energy's motion to confirm. Judge Alaimo considered many of the issues that are relevant to the decision whether or not to confirm the arbitration award when he decided not to enjoin the arbitrator's decision. His order specifically told Odin that the proper medium for its allegations would be through an appeal to the Court. Georgia I has already been the subject of extensive briefing on the merits by both parties with regards to Energy's motion to dismiss. In contrast, neither this case nor Georgia II have progressed past the question of venue. It would be a waste of judicial resources for this Court to duplicate the work already performed by Judge Alaimo in this matter, especially because the merits of the dispute will be governed by Georgia law. Additionally, if both cases were to go forward, the parties could be subject to conflicting decisions in two different venues, which would not serve the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986) ("factors traditionally considered in an 'interest of justice' analysis related to the efficient administration of the court system.") The most efficient solution is to transfer

---

[7] Energy does not, and cannot, argue that the Georgia forum is inconvenient, since it agreed to the forum in the Agreement. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286 (7th Cir. 1989) (holding that forum-selection clause resulted in waiver of defendants' right to assert their own inconvenience as a reason to transfer venue.)

9

this case so that Judge Alaimo may decide all of the various issues and allegations in a single opinion.

It is so ordered.

						_____
						MARVIN E. ASPEN
						United States District Judge

Dated    12/11/00